[S. F. No. 2529. Department Two.—July 18, 1903.]

WILLIAM F. BUTTLE, Appellant, v. M. J. WRIGHT, as Surveyor-General, etc., Respondent.

SCHOOL LAND—APPLICATION TO PURCHASE—DATE OF FILING—FEE AND DEPOSIT—MANDAMUS.—An application to purchase school land must be accompanied both by the fee and deposit required by the act of March 20, 1899, in order to make it the duty of the surveyor-general to file the application. Where an application, accompanied by the fee only, was returned to the applicant, with the fee, for

want of the deposit, and afterwards sent back, with fee and deposit, and with demand for filing of the application as of date of its first receipt, *mandamus* will not lie to compel compliance with such demand by the surveyor-general.

SCHOOL LAND—APPLICATION TO PURCHASE—DATE OF FILING—FEE AND DEPOSIT—MANDAMUS.—Where an application to purchase school land was mailed to the surveyor-general, merely accompanied by the fee for filing, without the deposit of twenty dollars in addition required by the act of March 20, 1889, (Stats. 1889, p. 434,) and the fee and application were returned by the surveyor-general to the applicant for want of the deposit, and were subsequently re-sent by him to the surveyor-general with the deposit and with demand for a filing of the application as of date of its first receipt, it was not the duty of the surveyor-general to comply with such demand, and *mandamus* will not lie to compel a filing prior to the receipt of the deposit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Frank Schilling, and Richard P. Henshall, for Appellant.

Tirey L. Ford, Attorney-General, William Abbott, Deputy Attorney-General, Frank Shay, and J. E. Foulds, for Respondent.

HENSHAW, J.—This is a petition for a writ of mandate. A demurrer was sustained to the petition, judgment followed for the defendant, and the petitioner appeals. The petitioner desired to purchase a section of school lands situated in the county of Monterey. On April 27, 1900, he mailed to the respondent his application, together with a filing fee of five dollars. On May 9, 1900, respondent returned the application and the money, with a letter stating that he would not file the application, because it was not accompanied by a deposit of twenty dollars, as required by law. An affidavit, filing fee, and twenty-dollar deposit were then forwarded by appellant to respondent, reaching him on May 10, 1900, accompanied by a letter demanding that the application be filed as of date the twenty-eighth day of April. Respondent refused to file the application as of that date, but expressed his will-

CXXXIX. Cal.—40

ingness to file it upon the date when it was actually received. By this proceeding in mandate the petitioner seeks to compel the respondent to file the application as of date April 28th. Section 3574 of the Political Code provides that each application for the purchase of state lands must be accompanied by a fee of five dollars, and that no application shall be received, filed, or noted in any way until such fee is paid. By act of the legislature, approved March 20, 1889, (Stats. 1889, p. 434,) it is further provided: "Every application to purchase any portion of the sixteenth and thirty-sixth sections shall be accompanied by a deposit of twenty dollars, in addition to the fee for filing now required by law, for which the surveyor-general shall give the applicant a receipt, which receipt shall be accepted by the county treasurer in part payment of the purchase price of said land."

From a mere reading of the law, it is plain that the surveyor-general is not expected, and certainly cannot be compelled, to file an application unless it be accompanied by the deposit fee of twenty dollars. Indeed, it may be said that it would be a violation of his duty if the surveyor-general did file an application that was not accompanied by this deposit. The demurrer to the attempt here made to compel the surveyor-general to do that which the law does not require him to do, nor even contemplate that he should do, was justly sustained.

The judgment appealed from is affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.